IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SOVEREIGNTY JOESEPH HELMUELLER
SOVEREIGN FREEMAN,

                      Plaintiff,                      OPINION and ORDER

    v.

                                                    22-cv-445-jdp

CHARLES MEYER and FRED MANGINE,

                      Defendants.

---

Plaintiff Sovereignty Joeseph Helmueller Sovereign Freeman, appearing pro se, is incarcerated at Waupun Correctional Institution. Helmueller alleges that when he was detained at the St. Croix County Jail, defendant officers Charles Meyer and Fred Mangine sexually humiliated him during a strip search. Helmueller brings claims under the Fourteenth Amendment to the United States Constitution.

This order addresses several filings by both parties.

**A. Motion for summary judgment on exhaustion grounds**

Defendants have filed a motion for summary judgment arguing that Helmueller failed to exhaust his administrative remedies before filing this lawsuit. Dkt. 31.

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all available administrative remedies before filing a lawsuit in federal court about prison or jail conditions. 42 U.S.C. § 1997e(a). To comply with § 1997e(a), a prisoner must take each step in the administrative process, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules

require," *Pozo*, 286 F.3d at 1025. The purpose of these requirements is to give the jail administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006). Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by the defendant. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

Defendants contend that Helmueller failed to exhaust his administrative remedies on his claim. Jail regulations state that a prisoner must file a grievance within 24 hours of the incident. If the prisoner gets an adverse response, he must file two rounds of appeals.

The strip search in question occurred in November 2019. Helmueller filed a grievance on January 9, 2020, stating that an officer pulled Helmueller's penis out of his pants in front of female officers and escorted Helmueller to booking with his penis still outside his pants. That grievance was marked "accepted" by a staff member, who stated, "Per our discussion yesterday, I will be following up with you." Dkt. 34-2. Another officer added a comment stating that "I believe [defendant Mangine and another officer] did a pat down and his penis did come out of his pants apparently when Charlie was escorting him and he was strip searched." *Id.* The officer noted that there was probably bodycam footage of the incident. Helmueller didn't file an appeal.

Defendants argue that Helmueller failed to follow the jail's rules by filing an untimely grievance and by failing to appeal it. But staff didn't reject the grievance as untimely, they instead responded to it on the merits. I conclude that Helmueller properly exhausted that portion of the process. *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005) ("if prison administrators choose to consider the merits of an untimely grievance, then the claim has been exhausted").

As for Helmueller's failure to file an appeal, Helmueller raises a number of arguments in opposition to defendants' motion, but I need discuss only one: that Helmueller didn't think he needed to appeal it because it was "accepted" by staff. This argument is persuasive: not only was his grievance accepted, the other officer's comment seemed to indicate that she agreed with Helmueller's version of the facts and that bodycam footage would be investigated. In short, Helmueller appeared to have won the grievance.

In their reply, defendants attach a declaration from a staff member who states, "A grievance identified as being "accepted" means only that it has been received not that the grievance was upheld or that there was a finding for the plaintiff." Dkt. 44, at 2. But defendants do not explain how Helmueller was supposed to know that. Other than "accepted," there is no formal ruling given on the grievance record, and defendants do not provide any jail regulations indicating what "accepted" means or how else Helmueller should have known to appeal what appeared to be a favorable response. The jail inmate handbook states only, "If you are not satisfied with the findings and actions of the [grievance reviewer], you may make a written appeal . . . ." Dkt. 34-1, at 33. Even if I credit defendants' statement that "accepted" does not mean that it was upheld, the regulations do not say what to do when getting a seemingly positive response like Helmueller received without a formal "upheld" or "dismissed" ruling, and it is unclear why Helmueller should have been dissatisfied with the response such that he needed to file an appeal. *See Westefer v. Snyder*, 422 F.3d 570, 580 (7th Cir. 2005) (prison officials that fail to "clearly identif[y]" the proper route for exhaustion cannot fault prisoner for failure to make the correct choice). I conclude that defendants have failed in their burden to show Helmueller's lack of exhaustion so I will deny their motion for summary judgment.[1]

---

[1] Helmueller has filed a motion that he calls a "request for extension" of time, Dkt. 57, but

3

B. **Motions to compel discovery**

Helmueller has filed a motion to compel discovery, stating that defendants did not respond to his first set of discovery requests. Dkt. 52. But Helmueller did not properly serve defendants by mailing the discovery requests directly to them, instead he sent them to the court. Because Helmueller failed to properly serve defendants with the discovery requests, I will deny his motion to compel.

Helmueller has filed a second motion to compel, Dkt. 77, about a set of requests that appears to have been properly served upon defendants. That motion is currently being briefed so I will take no action on it until it is fully briefed.

C. **Motion for sanctions**

Helmueller has filed a motion to sanction defendants' counsel for what he believes is "dishonest conduct" or "perjury," stating that (1) defendants received a copy of his discovery requests through the court's docket; and that (2) counsel is retaliating against him by sending him mail in envelopes without a return address, which his current prison will not accept.

This motion is virtually identical to a motion for sanctions against the same counsel that Helmueller filed in Case No. 22-cv-455-jdp. I denied that motion because Helmueller was mistaken about how to properly serve counsel with his first set of discovery requests, and because counsel adequately explained that the mailing problems were an oversight. I will deny Helmueller's motion in this case for the same reasons. Helmueller should be aware that this court rarely sanctions litigants. As is the case here, most actions that parties see as malicious

---

what really is a request to file a sur-reply on the question of exhaustion. I will deny that motion because sur-replies are disfavored by this court and because I am denying defendants' motion for summary judgment.

can be explained by misunderstanding or another innocuous reason. Before burdening the court and opposing counsel with any further motions for sanctions, Helmueller should reach out to opposing counsel about objections he has with their filings.

**D. Medical authorization**

Helmueller has filed what he calls a motion to determine the sufficiency of forms defendants have sent him asking him to authorize the release of his DOC medical and non-medical records as well as blank medical and non-medical forms. Dkt. 72. Helmueller argues that the forms are too broad.

I will grant Helmueller's motion and set out some of the problems that I see with the forms, although the parties have not provided enough information for me to issue a formal ruling on the matter. This court routinely tells the litigants that it won't issue an order forcing a plaintiff to sign authorizations regarding medical records because the court won't force a plaintiff to turn over medical information, but that the plaintiff can't maintain a medical-care claim without turning over the relevant medical information to defendants. Defendants state that Helmueller has "placed his health in issue," Dkt. 73, at 1, but I'm not sure that's correct. He doesn't bring medical-care claims, and I don't take Helmueller to be saying that he has suffered long-term emotional harm from the incident. If he is alleging long-term psychological harm, then it might be appropriate for defendants to obtain mental-health records for the time period following the incident, but there are no time frames listed on the proposed authorizations, and defendants' blank forms make it impossible to tell what sources they seek records from. There wouldn't seem to be any reason to think that defendants will find relevant information in Helmueller's records of any *physical* health problem, much less alcohol and drug treatment records or HIV or AIDS test results.

5

As for non-medical records, defendants suggest that Helmueller's DOC file might include "information as to complaints plaintiff made while in jail/prison along with information as to his intake information provided." *Id.* at 2. Maybe so, but they're asking for his entire DOC adult file unbound by time frame, and they include a blank form for Helmueller's "entire file" from unidentified sources. *Id.* at 9. This seems far too broad for a simple case involving a strip search.

I'll give counsel the same instructions I gave in the '455 case. If defendants believe that any of this information is truly relevant to Helmueller's claims, they should promptly file a motion explaining with specificity why the documents they seek are necessary to litigate this case. Otherwise, they should discuss with Helmueller the scope of documents they need and edit the authorizations to limit their requests to relevant information and to a reasonable timeframe before and after the incident at issue.

E. **Recruitment of counsel**

Helmueller has filed a motion for appointment of counsel. Dkt. 67. As I've already explained to Helmueller in the '455 case, this court can't appoint him counsel but could assist in recruiting counsel who may be willing to serve voluntarily. Helmueller qualifies financially for assistance in recruiting counsel and he has submitted letters from several attorneys who have declined to represent him. But I will deny his motion for counsel for the same reason I denied his motion in the '455 case: I am not convinced that this case is too complex for him. Helmueller states that his funds are running low because his legal loan will soon run out. But thus far Helmueller has had no problem filing dozens of submissions in this and other cases, and his money problems are caused in large part by his decision to litigate several cases at the same time. *See, e.g., Ripp v. Nickel*, 838 F. Supp. 2d 861, 866 (W.D. Wis. 2012) ("[P]risoners

6

do not have a right to receive assistance from prison officials to file an unlimited number of lawsuits regardless of the cost.").

I will deny Helmueller's motion without prejudice, which means that he can ask for counsel again if he continues to believe that he is unable to litigate a particular lawsuit himself. But if he does ask for counsel again, he will need to explain what specific litigation tasks he cannot perform himself and why the lawsuit is too complex for him to litigate.

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment on exhaustion grounds, Dkt. 31, is DENIED.

2. Plaintiff Sovereignty Joeseph Helmueller Sovereign Freeman's motion to file a sur-reply, Dkt. 57, is DENIED.

3. Plaintiff's motion to compel discovery, Dkt. 52, is DENIED.

4. Plaintiff's motion for clarification regarding requests for authorization of records, Dkt. 72, is GRANTED.

5. Plaintiff's motion for recruitment of counsel, Dkt. 67, is DENIED without prejudice.

Entered October 18, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge