IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SOVEREIGNTY JOESEPH HELMUELLER
SOVEREIGN FREEMAN,

                Plaintiff,                      ORDER

    v.

                                                  22-cv-445-jdp

CHARLES MEYER,

                Defendant.

---

    Plaintiff Sovereignty Joeseph Helmueller Sovereign Freeman, proceeding without counsel, alleges that when he was detained at the St. Croix County Jail, defendant officers sexually humiliated him by giving him a rough pat search and escorting him through the jail with his penis exposed on the way to a room where he would be strip searched. Helmueller moves to alter or amend the portion of the judgment dismissing his Fourteenth Amendment claims against defendant Deputy Charles Meyer for escorting him down a hallway with his penis exposed. Dkt. 220. I initially denied Meyer's motion for summary judgment on this claim because it was supported by video footage that was censored by blurring Helmueller's groin area. Dkt. 147. After counsel discovered an uncensored version of the videos showing Meyer's escort of Helmueller, I granted Meyer's motion for reconsideration and his motion for summary judgment. Dkt. 217.

    Helmueller seeks to alter or amend the judgment under Federal Rule of Civil Procedure 59(e); relief under this provision is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). A Rule 59(e) motion is successful only where the movant clearly establishes: (1) that the court committed a manifest error of law

or fact; or (2) that newly discovered evidence precludes entry of judgment. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013).

Helmueller's motion does not meet these standards. His mainly contends that the new, uncensored footage didn't justify me reconsidering Meyer's motion for summary judgment. But Helmueller made this precise argument in his opposition to Meyer's motion for reconsideration and I rejected it, because "[t]he uncensored footage provides more clarity about precisely what transpired during the escort, in particular showing that Helmueller's penis became visible partway through the escort." Dkt. 217 at 4. Helmueller doesn't persuade me that it was incorrect to reconsider my previous ruling with the aid of better evidence.

Helmueller also cites various cases for his argument that Meyer's actions clearly violated Helmueller's rights, focusing mainly on *Fieldcamp v. City of New York*, 242 F. Supp. 2d 388, 389 (S.D.N.Y. 2003). But in that case, defendant police officers handcuffed a woman in a way that led to her breast being exposed to the public for seven minutes, *id.*, far different circumstances than the dilemma facing Meyer in the present case: he chose to quickly usher Helmueller out of the hallway rather than stop there to fix Helmueller's pants while others might see him. I concluded that Meyer's choice was reasonable and thus did not violate the Fourteenth Amendment. Nothing in Helmueller's brief persuades me that I erred in granting summary judgment to Meyer. I will deny Helmueller's Rule 59(e) motion.

ORDER

IT IS ORDERED that plaintiff Sovereignty Joeseph Helmueller Sovereign Freeman's motion to alter or amend the judgment, Dkt. 220, is DENIED.

Entered July 11, 2024.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge